[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13095
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20588-RWG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR SCHLECHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 10, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Arthur John Schlecht appeals his convictions for attempting and conspiring to commit mail fraud, 18 U.S.C. § 1349, and for wire fraud, *id.* § 1343. Schlecht argues that he is entitled to a new trial based on improper contact between third parties and several jurors. Schlecht also argues that the district court should have given his proposed jury instruction about good faith reliance on advice provided by legal counsel. We affirm.

The district court did not abuse its discretion when it denied Schlecht's motion for a new trial based on communications that his friends initiated with jurors. Statements from the foreperson and several jurors created a colorable showing that the jury had been exposed to extrinsic contact and that the contact was "about the matter pending before the jury." *Remmer v. United States*, 347 U.S. 227, 229 (1954). One juror described being approached by a defense witness who attempted to start a conversation about the weather, and three other jurors described how a "black body builder" whom they had noticed among the spectators of the trial announced that Schlecht was a "good guy" and attempted to "feel out" the jury's opinion of Schlecht. These interactions called into doubt the jurors' impartiality and entitled Schlecht to a presumption that he had been prejudiced by the extrinsic contact. *See United States v. Siegelman*, 640 F.3d 1159, 1182 (11th Cir. 2011). But the United States rebutted the presumption of prejudice and established that the extrinsic contact was harmless. *See id.* Each juror stated

2

that he or she ended the conversation quickly, if not immediately, and those jurors approached by the body builder did not respond to his comments. Each juror also stated that he or she could proceed with deliberations fairly and impartially. Schlecht and the prosecutor composed a curative instruction, which the district court gave, that directed the jurors to base their "decision . . .  only on the evidence presented"; "not [to] be influenced in any way by either sympathy for or prejudice against the defendant or the government"; and to "continue to be fair and impartial to both sides" during deliberations. Immediately following that instruction, the jurors confirmed a second time that they did not harbor "any reservations" about their impartiality. We presume that the jury followed that instruction, *see United States v. Lopez*, 649 F.3d 1222, 1237 (11th Cir. 2011), and responded honestly to the inquiries by the district court. Schlecht argues that the improper contact was particularly damaging because it gave the appearance that "he was involved behind the scenes and caused others to act on his behalf," but after expressing similar concerns at trial, he did not request a mistrial or contest the decision to have the jury resume its deliberations. Schlecht also did not object to the questions that the government wanted the district court to ask the jury, and Schlecht declined to make any additional inquiries on the basis it "[might] well be counterproductive." Most notably, Schlecht consented to have the jurors determine his guilt and waited to pursue the issue after the jury returned an unfavorable verdict. Under these

circumstances, we cannot say that the district court abused its discretion when it denied Schlecht's posttrial motion.

The district court also did not abuse its discretion when it refused to give Schlecht's proposed jury instruction. A "refusal to give a proffered instruction only constitutes reversible error if: (1) the requested instruction was a correct statement of the law, (2) its subject matter was not substantially covered by other instructions, and (3) its subject matter dealt with an issue . . . that was so important that failure to give it seriously impaired the defendant's ability to defend himself." *United States v. Dean*, 487 F.3d 840, 847 (11th Cir. 2007) (internal quotation marks and citation omitted). Schlecht was not entitled to an instruction about good faith reliance on the advice of counsel because he failed to prove that he fully disclosed to his attorney all material facts related to his business dealings. *See United States v. Hill*, 643 F.3d 807, 851 (11th Cir. 2011). Schlecht, a broker, solicited investors to purchase precious metals and then used the funds to purchase "rolling spot contracts" for precious metals and to pay for personal expenses. Schlecht's wife testified that an attorney advised Schlecht to become a broker and drafted documents for some of Schlecht's businesses, but she did not attend their meetings and admittedly did not know the actual substance of their conversations. Her testimony fell far short of establishing that Schlecht relied on advice from his attorney to sell precious metals on margin; to conceal from investors that they were

4

purchasing margins on instead of actual precious metals; and to misappropriate his clients' money. *See Dean*, 487 F.3d at 847.

The district court "substantially covered" in its instructions Schlecht's defense theory that he lacked the intent to defraud and acted in good faith with his investors. *See id.* The district court instructed the jury that "[g]ood faith is a complete defense to a charge that requires intent to defraud"; "[t]he government must prove intent to defraud"; "[a]n honestly held opinion or . . . belief[, even if mistaken,] cannot be fraudulent intent"; and "a mistake [in] judgment, an error in management[,] or carelessness cannot establish fraudulent intent." Schlecht cannot establish that the failure to give his proposed jury instruction "seriously impaired his ability to defend himself." *See id.*

We **AFFIRM** Schlecht's convictions.